IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD WILLIAM KELLY,              )
                                   )
        Plaintiff,                 )
                                   )
    vs.                            )   Civil Action No. 13-1153
                                   )
CAROLYN W. COLVIN, ACTING          )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
        Defendant.                 )

O R D E R

AND NOW, this 30th day of September, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] As noted above, the Court finds that substantial evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled. However, a couple of issues raised by Plaintiff require further discussion, specifically, his contention that the ALJ was required to accept the functional limitations set forth in the opinion of Dr. Anthony C. Borgese, M.D., a non-examining physician that Plaintiff himself asked to review the record, merely because there were no other opinions as to his functional limitations in the record, and his assertion that the ALJ should have incorporated his mild limitations as to concentration, persistence, or pace into his residual functional capacity ("RFC"). The Court finds no merit as to either position.

Plaintiff's argument that an ALJ can only reject a non-examining physician's opinion based on another opinion seems to be based on his incorrect reading of Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). As this Court previously explained in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), the decision in Doak does not, as Plaintiff suggests, hold that an ALJ's RFC findings must be based on a particular medical opinion or that an ALJ may only reject a medical opinion as to functional limitations based on another opinion. Rather, the Third Circuit Court of Appeals, in Doak, held simply that nothing in the record in that case, which consisted of nothing more than testimony and three medical reports, supported the ALJ's finding that the claimant could perform light work. While the Circuit pointed out that none of the three reports contained a suggestion from a physician that the claimant could perform light work, in no way did it suggest that a finding of light work could only be supported if one of the three had expressly opined that the claimant could perform such work, nor did it find that their contrary opinions precluded such a finding *per se*. Indeed, interpreting Doak in this manner would ignore the fact that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). Such an interpretation would also ignore the fact that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). See also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Consistent with this later case law, Doak does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Third Circuit did nothing more than make a substantial evidence finding in light of a limited record and did not purport to create a rule that an RFC determination must be based on a specific medical opinion, and subsequent Third Circuit case law confirms this understanding.

The Court further notes that Doak, and the other case on which Plaintiff relies, Biller v. Colvin, 2013 WL 3830503 (W.D. Pa. July 24, 2013), involved situations where the ALJ rejected opinions from treating physicians. It is, of course, axiomatic that a treating physician is entitled to more deference under the law than one who merely reviews the record. When assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. There is no such rule providing for controlling weight to be given by an ALJ to a reviewing physician's opinion. To the contrary, "the opinions of a doctor who has never examined a patient have less probative force as a general

3

matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted). Here, the opinion as to functional capacity was provided by a physician who did not treat or examine Plaintiff, but who rendered an opinion at Plaintiff's own behest after reviewing the record.

Accordingly, cases involving the deference to be shown to a treating physician's opinion as to functional limitations offer little insight in a case such as this one. Since the opinion here was offered by a non-treating, non-examining source, Dr. Borgese did the same thing in formulating his opinion that the ALJ did – review the record. This case therefore does not present the issue of an ALJ rejecting a physician's diagnosis or medical conclusion based on testing, examination, or clinical observations. Instead, the ALJ's review of the record evidence simply produced a different result than that of a reviewing physician. In fact, unlike Dr. Borgese, the ALJ had access to the entire record when making his determination. Even assuming Doak is to be interpreted as Plaintiff suggests, it would not apply to a situation such as this, where the opinion at issue was offered by a non-examining physician based on an incomplete medical record rather than by a treating physician. Such an interpretation would essentially give controlling weight to a non-examining source's opinion any time there is no other opinion as to functional limitations in the record, regardless of the nature of the other medical evidence.

Regardless, as stated above, rejection of even a treating physician's opinion does not require reliance on another opinion. Such an opinion can be rejected on the basis of contradictory medical **evidence**, not just contrary opinions. If a treating physician's opinion can be rejected based on contrary non-opinion medical evidence, a non-examining physician's opinion is certainly not controlling merely because there is no other medical opinion in the record. The evidence on which an ALJ can rely can and does take a variety of forms. Plaintiff seems to imply that a lack of a contrary opinion is the same as a lack of contrary evidence. However, the ALJ clearly discussed the medical evidence at great length and explained the weight he was giving to Dr. Borgese's opinion, and substantial evidence supports his decision.

As to Plaintiff's argument that the RFC failed to account for his "mild limitations" in regard to concentration, persistence, or pace that the ALJ had found at Step Two, it is well established that "[t]he determination of the claimant's RFC is the exclusive

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings (document No. 5) is DENIED and Defendant's Motion for Summary Judgment (document No. 8) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

responsibility of the ALJ" and that "the ALJ need only include in the RFC those limitations which he finds credible." Garrett v. Comm'r of Soc. Sec., 274 Fed. Appx. 159, 163 (3d Cir. 2008). Plaintiff, in a four-line argument, appears to assert that because the ALJ found that he had mild limitations of concentration, persistence, or pace in his paragraph B analysis at Step Two, the ALJ was required to incorporate some restriction into the RFC to account for those limitations. However, the ALJ explained that those findings were not an RFC assessment and found that Plaintiff's depression did not cause any more than minimal limitations in Plaintiff's ability to perform basic mental work activities. (R. 18). Indeed, as the ALJ pointed out, Plaintiff had almost no treatment record for any mental impairments. (Id.). There is likewise no evidence in the record as to what limitations Plaintiff's depression may cause, nor does Plaintiff suggest what those limitations may be.